Christopher Q. Pham, Bar No.: 206697
Alexander S. Gareeb, Bar No.: 207473
GAREEB | PHAM, LLP
707 Wilshire Boulevard, Suite 5300
Los Angeles, CA 90017
Telephone: (213) 455-2930
Facsimile: (213) 455-2940
Email: cpham@gareebpham.com
Email: agareeb@gareebpham.com

Attorneys for Plaintiff
GURU DENIM, INC.

UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GURU DENIM, INC., A California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>KEVIN SCOTT, an Individual; ASAF AZARIA, an Individual; AIRYHD LLC, a New York Business Entity of Unknown Status; POPDENIM.COM, a New York Business Entity of Unknown Status; STUDIOBCLOTHING.COM, a New York Business Entity of Unknown Status, and Does 1-20, Inclusive,<br><br>Defendants. | Case No. **CV08-01412** (CWx)<br><br>**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF :**<br><br>(1) **FEDERAL TRADEMARK INFRINGEMENT [15 U.S.C. § 1114/Lanham Act § 43(a)**<br>(2) **FEDERAL COPYRIGHT INFRINGEMENT [17 *U.S.C.* §501(a)];**<br>(3) **FALSE DESIGNATION OF ORIGIN [15 *U.S.C.* §1125(a)];**<br>(4) **TRADEMARK DILUTION [15 U.S.C. §1125(c); *CALIFORNIA BUSINESS & PROFESSIONS CODE* §14330];**<br>(5) **COMMON LAW COPYRIGHT INFRINGEMENT [*CALIFORNIA CIVIL CODE* §980];** |

(6) **UNFAIR BUSINESS PRACTICES** [*CALIFORNIA BUSINESS & PROFESSIONS CODE* §17200]; and
(7) **UNJUST ENRICHMENT**

COMES NOW, Plaintiff GURU DENIM, INC. to hereby file its Complaint against Defendants KEVIN SCOTT, ASAF AZARIA, AIRYHD LLC, POPDENIM.COM, STUDIOBCLOTHING.COM, Corporations I-X and Does 1-10, inclusive (collectively "Defendants").

## JURISDICTIONAL ALLEGATIONS

1. This Court has Federal subject matter jurisdiction over this matter pursuant to 28 *U.S.C.* §§ 1331 and 1338(a) and (b), by virtue of 15 *U.S.C.* §1051 *et seq.*, in that the case arises out of §43(a) of the *Lanham Act* for trademark infringement, and supplemental jurisdiction under 28 *U.S.C.* §§ 1367(a) and 1338(a)(b).

2. Venue is proper, *inter alia*, under 28 U.S.C. § 1391(b) because on information and belief, a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

3. Personal jurisdiction exists over Defendants because on information and belief, Defendants conduct business in California and in this judicial district, or otherwise avail themselves of the privileges and protections of the laws of the State of California, such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process.

## THE PARTIES

4. Plaintiff GURU DENIM, INC. (hereinafter "Plaintiff") is now, and was at the time of the filing of this Complaint and at all intervening times, a California corporation, duly authorized and licensed to conduct business in California, with its principal place of business in California.

5. Plaintiff GURU DENIM, INC. is a wholly owned subsidiary of TRUE RELIGION APPAREL, INC., and manufactures and distributes denim and non-denim men's and women's apparel under the True Religion line of apparel.

6. Plaintiff is informed and believes that Defendants KEVIN SCOTT and ASAF AZARIA are now, and were at the time of the filing of this Complaint and at all intervening times, Individuals residing at Suite 154, 2167 East 21st Street, Brooklyn, New York 11229.

7. Plaintiff is informed and believes that Defendants KEVIN SCOTT and ASAF AZARIA are now, and were at the time of the filing of this Complaint and at all intervening times, operating websites at http://www.POPDENIM.COM, and http://www.STUDIOBCLOTHING.COM, with a principal place of business located at Suite 154, 2167 East 21st Street, Brooklyn, New York 11229.

8. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants herein are designated by fictitious names, Does 1-20, inclusive, are unknown to Plaintiff. Plaintiff therefore sues said Defendants by such fictitious names. When the true names and capacities of said Defendants have been ascertained, Plaintiff will amend this pleading accordingly.

9. Plaintiff further alleges that Does 1-20, inclusive, sued herein by fictitious names are jointly, severally and concurrently liable and responsible with the named Defendants upon the causes of action hereinafter set forth.

10. Plaintiff is informed and believes and thereon alleges that at all times mentioned herein Defendants KEVIN SCOTT, ASAF AZARIA, AIRYHD LLC, POPDENIM.COM, STUDIOBCLOTHING.COM, Does 1-20, inclusive, and each of them (collectively, "Defendants"), were the agents, servants and employees of every other Defendant and the acts of each Defendant, as alleged herein, were performed within the course and scope of that agency, service or employment.

## INJURY TO PLAINTIFFS

11. Plaintiff owns nine (9) registered United States trademarks associated with the True Religion line of apparel.

12. Plaintiff owns a registered United States trademark for the "True Religion Brand Jeans World Tour Fashion for the Senses Section Row Seat" label and corresponding artwork under U.S. Reg. No. 2,917,187, registered January 11, 2005, attached herewith as Exhibit "A."

13. Plaintiff owns registered United States trademarks in the pocket stitching pattern that appears on True Religion Brand Jeans pants and the overall stitching pattern on the front of True Religion Brand Jeans pants under U.S. Reg. No. 3,147,244, registered September 16, 2006, and under U.S. Reg. No. 3,219,110, registered March 13, 2007, attached herewith as Exhibits "B" and "C," respectively.

14. Plaintiff owns 4 registered United States trademarks in the word mark "True Religion Brand Jeans," (hereinafter, "the Mark) with assorted designs, characters and artwork (hereinafter, "the Designs") under the following registration numbers: U.S. Reg. No. 2,761,793, registered September 9, 2003; U.S. Reg. No. 3,120,797, registered July 25, 2006; U.S. Reg. No. 3,120,798, registered July 25, 2006; U.S. Reg. No. 3,282,490, registered August 21, 2007; attached herewith as Exhibits "D," "E," "F," and "G," respectively.

15. Plaintiff owns registered United States trademarks in the word mark "True Religion," under U.S. Reg. No. 3,162,615, registered October 24, 2006; and under U.S. Reg. No. 3,162,614, registered October 24, 2006; collectively attached herewith as Exhibit "H."

16. Plaintiff owns two United States Copyrights for the True Religion Brand Jeans Designs under Certificate of Registration number VA 1-192-834, effective date of February 6, 2003, and Certificate of Registration number VA 1-

301-845, effective date of April 13, 2005, attached herewith as Exhibits "I" and "J," respectively.

17. Plaintiff owns an additional United States Copyright in the "truereligionbrandjeans.com" website under Certificate of Registration number TX 6-236-806, effective date of June 1, 2005, attached herewith as Exhibit "K."

18. Plaintiff owns a United States Design Patent for the stitch pattern applied to True Religion Brand Jeans pants under United States Patent No. D547530, issued July 31, 2007, attached herewith as Exhibit "L."

19. Plaintiff also owns registered trademarks in the True Religion Brand Jeans Mark and Designs in the following foreign countries or territories: Canada, United Kingdom, European Union, Germany, Australia, Japan, Korea, Mexico, Colombia, Hong Kong, Korea, Norway, Russia, South Africa and Paraguay. The relevant trademark registration documents are attached herewith as Exhibit "M."

20. Plaintiff designs, develops, manufactures, markets, distributes and sells denim jeans and other apparel, including corduroy jeans and jackets, velvet jeans and jackets, skirts, shorts for both men and women, t-shirts, sweaters and sportswear under the Mark in the United States, Canada, the United Kingdom, Europe, Mexico, Japan, Korea, Australia and the Middle East. Plaintiff has been designing, manufacturing, distributing and selling its apparel under the Mark since August of 2003. True Religion Brand Jeans products and their packaging prominently bear the Mark. Plaintiff's Mark has been continually used in commerce since its date of first issue.

21. Plaintiff has distinguished itself as a leader in the high-end denim market, contributing significantly to the wide interest in designer denim. Plaintiff's line of "super-premium" denim wear, which ranges in retail price fro $170.00 to in excess of $300.00, is acclaimed in the fashion industry due to its famous name recognition which represents quality and distinguished craftsmanship. Each piece of clothing or pair of denim distributed under the Mark

bears an emblem of a smiling Buddha strumming a guitar and, in some occasions, is elaborately embroidered. Upscale retailers, such as *Barneys New York, Bergdorf Goodman, Neiman Marcus, Nordstrom, Saks Fifth Avenue*, and about 650 high-end boutiques nationwide sell True Religion Brand Jeans apparel. Plaintiff also operates a 900 square foot flagship boutique store in trendy Manhattan Beach, California, which distributes men's and women's denim and non-denim apparel under the Mark.

22. Due to Plaintiff's extensive use of the Mark, Plaintiff has built up significant goodwill therein and its line has been praised and recognized in numerous articles appearing in both trade publications and those directed to the general public, including *Elle, Vogue,* and *Harper's Bazaar*. An increasingly large list of top celebrities purchase, wear and have been photographed wearing True Religion Brand Jeans apparel, including Madonna, Gwyneth Paltrow, Bruce Willis, and the entire cast of the television program *Desperate Housewives*. Plaintiff's apparel bearing the Mark has also been featured in films such as *Cake, The Fog, Domino,* and *Dukes of Hazzard*.

23. Defendants operate at least two online storefronts which market and retail counterfeit True Religion Brand Jeans apparel utilizing the web addresses of http://WWW.POPDENIM.COM and http://WWW.STUDIOBCLOTHING.COM.

24. On October 23, 2007, as part of its ongoing investigation of counterfeit sales of True Religion Brand Jeans apparel, Plaintiff purchased counterfeit True Religion Brand Jeans denim pants from http://WWW.POPDENIM.COM , a website operated by defendants. Plaintiff purchased the pants at a cost of $78.00, charged to the American Express Account of Plaintiff's investigator. A true and correct copy of the website purchase receipt is attached hereto as Exhibit "N." A true and correct copy of the American Express transaction detail is attached hereto as Exhibit "O."

25. Defendants have intentionally and knowingly confused consumers by advertising the denim jeans bearing Plaintiff's Mark as "*TRUE RELIGION BILLY STRAIGHT LEG JEANS.*" A true and correct copy of the advertisement on http://www.POPDENIM.COM is attached hereto as Exhibit "P."

26. Defendants have further intentionally and knowingly confused consumers by advertising on http://www.POPDENIM.COM that "All of our products are authentic, first quality, genuine designer fashion items." A true and correct copy of said advertisement is attached hereto as Exhibit "Q."

27. The denim goods purchased from http://www.POPDENIM.COM were delivered in Los Angeles by United Parcel Service on or about November 1, 2007. The return address on the package noted that the sender was KEVIN SCOTT, Suite 154, 2167 East 21st Street, Brooklyn, New York 11229.

28. The denim jeans contained within the package shipped by KEVIN SCOTT and purchased from http://www.POPDENIM.COM were inspected by Plaintiff to determine authenticity. Plaintiff's inspection confirmed that the item Defendants sold to the investigator was in fact a counterfeit pair of True Religion Brand Jeans denim pants.

29. Plaintiff has examined the credit card payment processing for the counterfeit True Religion Brand Jeans purchased from KEVIN SCOTT and http://www.POPDENIM.COM and determined that payment for the counterfeit jeans was made to an American Express merchant account in the name of AIRYHD LLC, 1360 Ocean Parkway, Brooklyn, NY.

30. Plaintiff has examined the Fictitious Business filings for New York and determined that defendant ASAF AZARIA is the owner of AIRYHD LLC, 1360 Ocean Parkway, Brooklyn, NY, the company that received the funds from the purchase of counterfeit True Religion Brand Jeans obtained from KEVIN SCOTT and http://www.POPDENIM.COM.

31. On December 7, 2007, Plaintiff purchased counterfeit True Religion Brand Jeans denim pants from http://WWW.STUDIOBCLOTHING.COM, another website operated by defendants. Plaintiff purchased the pants at a cost of $98.00, charged to the MasterCard Account of Plaintiff's investigator. A true and correct copy of the website purchase receipt is attached hereto as Exhibit "R." A true and correct copy of the MasterCard Account transaction detail is attached hereto as Exhibit "S."

32. Defendants have intentionally and knowingly confused consumers by advertising the denim jeans bearing Plaintiff's Mark as *"TRUE RELIGION GEISHA BOBBY JEANS."* A true and correct copy of the advertisement on http://www.STUDIOBCLOTHING.COM is attached hereto as Exhibit "T."

33. Defendants have further intentionally and knowingly confused consumers by advertising on http://www.STUDIOBCLOTHING.COM that "All of our products are authentic, first quality, genuine designer fashion items." A true and correct copy of said advertisement is attached hereto as Exhibit "U."

34. The denim goods purchased from http://www.STUDIOBCLOTHING.COM were delivered in Los Angeles by United Parcel Service on or about December 15, 2007. The return address on the package noted that the sender was KEVIN SCOTT, Suite 154, 2167 East 21st Street, Brooklyn, New York 11229.

35. The denim jeans contained within the package shipped by KEVIN SCOTT and purchased from http://www.STUDIOBCLOTHING.COM were inspected by Plaintiff to determine authenticity. Plaintiff's inspection confirmed that the item Defendants sold to the investigator was in fact a counterfeit pair of True Religion Brand Jeans denim pants.

36. Upon information and belief, Defendants' use of Plaintiff's Mark through the creation and/or sale of inferior quality clothing bearing the True Religion Brand Jeans Mark was willful, having been adopted with knowledge of

Plaintiff's prior rights in and to the Mark, with the intent to trade on and benefit from the goodwill established by Plaintiff in its Mark.

### FIRST CAUSE OF ACTION
### (Federal Trademark Infringement Against Defendants KEVIN SCOTT, ASAF AZARIA, AIRYHD LLC, POPDENIM.COM, STUDIOBCLOTHING.COM, Does 1-20, Inclusive)
### [15 U.S.C. § 1114/Lanham Act §43(a)]

37. Plaintiffs repeat and re-allege every allegation set forth in Paragraphs 1-36.

38. Defendant(s) are actually aware that Plaintiff is the registered trademark holder of the True Religion Brand Jeans Mark and Designs. (See Exhibits A-H). Further, Plaintiff's registrations on the Principal Register give constructive notice of Plaintiff's ownership rights.

39. Defendant(s) did not and failed to obtain the consent or authorization of Plaintiff as the registered owner of the subject name and Mark to commercially distribute and market apparel bearing the Plaintiff's Mark into the stream of commerce.

40. Defendant(s) intentionally and knowingly used in commerce the reproduction, counterfeit, copy, and/ or colorable imitation of Plaintiff's registered mark in connection with the sale, offering for sale, distribution, or advertising of Plaintiffs' goods by offering, advertising, promoting, retailing, selling, and distributing counterfeit denim jeans bearing the trade name and Mark "True Religion Brand Jeans."

41. Defendant(s)' reproduced, counterfeited, copied, and colorably imitated Plaintiff's registered Mark and applied such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles and/or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, and/or advertising of goods. Defendant(s)

thereupon offered, advertised, promoted, retailed, sold, and distributed through an online auction known as Ebay, counterfeit denim jeans bearing the trade name and Mark "True Religion Brand Jeans."

42. Defendant(s)' egregious and intentional use and sale of fake, pirated and counterfeit items bearing Plaintiff's trademark is likely to cause confusion, or to cause mistake, or to deceive, mislead, betray, and defraud the consumer who believes that the items are authentic garments manufactured by Plaintiff.

43. Defendant(s)' continued and knowing use of Plaintiff's trade name and Mark without Plaintiffs' consent or authorization constitutes intentional infringement of Plaintiffs' federally registered trademarks in violation of Section 32 of the *Lanham Act*, 15 *U.S.C.* §1114.

## SECOND CAUSE OF ACTION
### (Federal Copyright Infringement Against Defendants KEVIN SCOTT, ASAF AZARIA, AIRYHD LLC, POPDENIM.COM, STUDIOBCLOTHING.COM, and Does 1-20, Inclusive)
### [17 *U.S.C.* §501(a)]

44. Plaintiffs repeat and re-allege every allegation set forth in Paragraphs 1-43.

45. Plaintiff is the exclusive owner of the copyright in its garment Designs and its logo Designs and possesses three copyright registrations with the United States Copyright Office in True Religion Brand Jeans Designs (registration numbers VA 1-301-845, VA 1-192-834, TX 6-236-806).

46. Defendants have actual notice of Plaintiff's exclusive copyright rights in the Designs.

47. Plaintiff's trademark registrations on the Principal Register of the United States Patent and Trademark Office further provide constructive notice of Plaintiff's ownership rights in the Designs.

48. Defendants did not seek and failed to obtain Plaintiff's consent or authorization to utilize, manufacture, reproduce, copy, display, commercially distribute and market in commerce or otherwise the Designs.

49. Without permission, Defendants intentionally and knowingly reproduced, counterfeited, copied, displayed, and manufactured colorable imitations of the Designs by offering, advertising, promoting, retailing, selling, distributing counterfeit denim jeans containing the copyrighted Designs.

50. Defendants intentionally and willfully applied their infringing uses of the Designs to labels, signs, printed notices, packaging, wrappers, receptacles and advertisements in connection with the fraudulent sale, offering for sale, distribution, or advertising of Defendants' goods and represented that the goods were authentic products of Plaintiff's. Defendants thereupon widely, publicly, and continuously offered, advertised, promoted, retailed, sold, and distributed counterfeit denim jeans containing the Designs through the internationally and prominently recognized online auction known as Ebay.

51. Defendants continue its infringement of the Designs in blatant disregard of Plaintiff's protected rights.

## THIRD CAUSE OF ACTION

**(False Designation of Origin & Unfair Competition Against Defendants KEVIN SCOTT, ASAF AZARIA, AIRYHD LLC, POPDENIM.COM, STUDIOBCLOTHING.COM, and Does 1-20, Inclusive)**

[15 U.S.C. § 1125(a)]

52. Plaintiffs repeat and re-allege the allegations in Paragraphs 1-51.

53. Defendants' conduct described above violate the Lanham Act, have unfairly competed with and injured and, unless immediately restrained, will continue to injure Plaintiff, causing damage to Plaintiff in an amount to be determined at trial, and will cause irreparable injury to Plaintiff's goodwill and reputation associated with the value of Plaintiff's Mark.

54. Defendants have the legal obligation and responsibility to conduct a search before utilizing a trademark so as not to confuse or deceive consumers as to the origin of its name and Mark. Had Defendants conducted a search they would have discovered Plaintiff's long-time use of its Mark in commerce as well as its state trademark registrations:

    (a) California, registration number 111148, issued August 23, 2005;

    (b) Texas, registration number 800534335, issued November 7, 2005;

    (c) New York, registration number R-30664, issued August 22, 2005;

    (d) New Jersey, registration number 22299, issued October 4, 2005; and

    (e) Florida, registration number T05000001315, issued October 10, 2005.

55. Plaintiff's Mark is distinctive in the states in which trademark registration was obtained by virtue of its substantial inherent and acquired distinctiveness, extensive use in each state in which registration was obtained, and the extensive advertising and publicity of the Mark.

56. Defendants' egregious and intentional use and sale of fake, pirated and counterfeit items bearing Plaintiff's trademark unfairly competes with Plaintiff and is likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers to believe that the substandard imitations are genuine True Religion Brand Jeans garments.

57. Defendants' continuing and knowing use of Plaintiff's Mark constitutes willful infringement, false designation of origin and unfair competition in violation of Section 43(a) of the *Lanham Act*, 15 *U.S.C.* § 1125(a).

# FOURTH CAUSE OF ACTION

(Dilution by Tarnishment Against Defendants KEVIN SCOTT, ASAF AZARIA, AIRYHD LLC, POPDENIM.COM, STUDIOBCLOTHING.COM, and Does 1-20, Inclusive)

[15 U.S.C. § 1125(c), *California Business and Professions Code* § 14330 *et seq.*, and California Common Law]

58. Plaintiffs repeat and re-allege every allegation set forth in Paragraphs 1-57.

59. Plaintiff's Mark is "famous" within the meaning of the Lanham Act and is distinctive in the states in which trademark registration was obtained by virtue of the substantial inherent and acquired distinctiveness of the Mark, the extensive use in the relevant states, and the wide advertising and publicity of Plaintiff's goods bearing the Mark.

60. As a result of the substantial inherent and acquired distinctiveness in Plaintiff's Mark, extensive use in the states in which registration was obtained, and the wide advertising and publicity of the Mark, Plaintiff's Mark has become strong and is widely identified and respected.

61. Upon information and belief, Defendants' unlawful actions began long after Plaintiff's Mark became famous, and Defendants acted knowingly, deliberately and willfully with the intent to trade on Plaintiff's reputation and to dilute Plaintiff's Mark. Defendants' conduct is willful, wanton and egregious.

62. The actions of Defendants complained of herein are likely to injure the business reputation of Plaintiff and its Mark.

63. Defendants' intentional sale of fake, pirated and counterfeit items bearing Plaintiff's Mark unfairly competes with Plaintiff and is likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers to believe that the substandard imitations are genuine True Religion Brand Jeans garments.

64. Defendants' unauthorized and counterfeit use of Plaintiff's famous Marks diluted and will continue to dilute and tarnish Plaintiff's name and Mark, and is likely to detract from the distinctiveness of Plaintiff's Mark.

65. Defendants' conduct is intended to trade on Plaintiff's reputation and goodwill and the quality and high standards of Plaintiff's products. Defendants' failure to meet Plaintiff's strict regulations of material, design, craftsmanship and workmanship will mar the perception among consumers regarding Plaintiff's products, will tarnish and dilute the strength and value of Plaintiff's Mark, and will saturate the clothing Market with substandard and counterfeit merchandise.

66. Defendants' egregious and intentional use and sale of fake, pirated and counterfeit items bearing Plaintiff's trademark is likely to cause confusion, or to cause mistake, or to deceive, mislead, betray, and defraud the consumer who believe that the items are authentic garments manufactured by Plaintiff.

67. Defendants' continuing and knowing use of "True Religion Brand Jeans" constitutes intentional infringement of Plaintiff's common law trademarks in violation of 15 *U.S.C.* § 1125(c) and California common law, as well as dilution and injury to business reputation in violation of *Cal. Bus. & Prof. Code* § 14330 *et seq.*

68. Plaintiff has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendants' unlawful acts, unless they are enjoined by this Court.

## FIFTH CAUSE OF ACTION

(Copyright Infringement Against Defendants KEVIN SCOTT, ASAF AZARIA, AIRYHD LLC, POPDENIM.COM, STUDIOBCLOTHING.COM, and Does 1-20, Inclusive)

[*California Civil Code* § 980 *et seq.*, and California Common Law]

69. Plaintiffs repeat and re-allege every allegation set forth in Paragraphs 1-68.

70. At all times relevant herein, Plaintiff has held and still holds the exclusive rights under California law and common law to reproduce, distribute, or license the reproduction and distribution of the artwork, design, pictures, representation, model and pattern for its Mark and Designs in any and all formats and mediums, throughout the United States.

71. The artwork, design, pictures, representation, model and pattern of Plaintiff's Mark and Designs are original works in tangible form which have been widely disseminated and published since at least in or about September 2004.

72. The conduct herein complained of was extreme, outrageous, fraudulent, and was inflicted on Plaintiff in reckless disregard of Plaintiff's rights. Defendants' acts have irreparably harmed and continue to harm Plaintiff's exclusive proprietary rights and constitute common law copyright infringement and unfair competition. Defendants' outrageous conduct supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of Defendants and to deter them from similar conduct in the future.

73. Each infringing transfer, duplication, sale, rental, distribution, display and other exploitation of the artwork, design, pictures, representation, model and pattern of Plaintiff's Mark and Designs constitutes a separate claim against Defendants under common law copyright and *California Civil Code* § 980.

## SIXTH CAUSE OF ACTION

(Unlawful, Unfair, Fraudulent Business Practices Against Defendants KEVIN SCOTT, ASAF AZARIA, AIRYHD LLC, POPDENIM.COM, STUDIOBCLOTHING.COM, and Does 1-20, Inclusive)

[*California Business & Professions Code* § 17200 *et seq.*]

74. Plaintiffs hereby incorporate each and every allegation contained in paragraphs 1-73.

75. Defendants have committed all of the aforesaid acts of infringement deliberately, willfully, maliciously and oppressively, without regard to Plaintiff's

legal, contractual, and exclusive proprietary rights.

76. Defendants' acts and practices as detailed above constitute acts of un unlawful, unfair or fraudulent business acts and practices within the meaning of *California Business & Professions Code* §17200.

77. Defendants have engaged in transactions that are in violation of numerous provisions of California law. Strict liability may be applied even if Defendants' acts have violated only one of the three provisions set forth above.

78. Pursuant to *California Business & Professions Code* §17203, Plaintiff seeks an order from this Court prohibiting Defendants from engaging or continuing to engage in the unlawful, unfair, or fraudulent business acts or practices set forth in this Complaint and/or ordering that Defendants perform their obligations under the law and cancel any illegal obligations.

79. Plaintiff additionally requests an order from this Court requiring that Defendants disgorge profits and return or pay to Plaintiff all of Defendants' ill-gotten gains obtained from the illegal transactions, and/or pay restitution, including the amount of monies that should have been paid if Defendants complied with their legal obligations, or, as equity requires.

80. Plaintiff further requests a court order that an asset freeze or constructive trust be imposed over all monies in Defendants' possession which rightfully belong to Plaintiff.

## SEVENTH CAUSE OF ACTION

(Unjust Enrichment Against Defendants KEVIN SCOTT, ASAF AZARIA, AIRYHD LLC, POPDENIM.COM, STUDIOBCLOTHING.COM, and Does 1-20, Inclusive)

81. Plaintiffs hereby incorporate each and every allegation contained in paragraphs 1-80.

82. By virtue of the egregious and illegal acts of Defendants as described above, Defendants have been unjustly enriched in an amount to proven at trial.

83. Defendants' retention of monies gained through its deceptive business practices, infringements, acts of counterfeit and otherwise would serve to unjustly enrich Defendants and would be contrary to the interests of justice.

**WHEREFORE**, Plaintiff GURU DENIM, INC. prays for judgment against Defendants, as follows:

A. For damages in an amount to be proven at trial for trademark infringement under 15 *U.S.C.* § 1114/Lanham Act §43(a);

B. For damages in an amount to be proven at trial for copyright infringement under 17 *U.S.C.* §501(a);

C. For damages in an amount to be proven at trial for false designation of origin under 15 *U.S.C.* §1125(a);

D. For damages in an amount to be proven at trial for trademark dilution under 15 *U.S.C.* §1125(c);

E. For damages in an amount to be proven at trial for copyright infringement and violation of common law under *California Civil Code* §980;

F. For damages to be proven at trial for common law unfair competition.

G. For damages in an amount to be proven at trial for unfair, fraudulent and illegal business practices under *Business and Professions Code* §17200;

H. For disgorgement of Defendants' profits under 15 *U.S.C.* §1117(a);

I. For an injunction by this Court prohibiting Defendants from engaging or continuing to engage in the unlawful, unfair, or fraudulent business acts or practices described herein;

J. For an order from the Court requiring that Defendants provide complete accountings and for equitable relief, including that Defendants disgorge and return or pay their ill-gotten gains obtained from the illegal transactions entered into and or pay restitution, including the amount of monies that should have been paid if Defendants' complied with their

- 17 -
COMPLAINT FOR DAMAGES

legal obligations, or as equity requires;

K. For an order from the Court that an asset freeze or constructive trust be imposed over all monies and profits in Defendants' possession which rightfully belong to Plaintiff;

L. For destruction of the infringing articles in Defendants' possession under 15 U.S.C. §1118;

M. For treble damages suffered by Plaintiff as a result of the willful and intentional infringements and acts of counterfeiting engaged in by Defendants, under 15 U.S.C. §1117(b);

N. For damages in an amount to be proven at trial for unjust enrichment.

O. For Plaintiff's reasonable attorney's fees;

P. For all costs of suit; and

Q. For such other and further relief as the Court may deem just and equitable.

### DEMAND FOR JURY TRIAL:

Plaintiff GURU DENIM, INC., respectfully demands a trial by jury in this action.

DATED: February ___, 2008

GAREEB | PHAM, LLP

By: /s/ Christopher Q. Pham

Christopher Q. Pham, Esq.
Attorney for Plaintiff
GURU DENIM, INC.

# EXHIBIT A

# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE

United States Patent and Trademark Office

January 11, 2006

THE ATTACHED U.S. TRADEMARK REGISTRATION 2,917,187 IS CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF 10 YEARS FROM January 11, 2005

SAID RECORDS SHOW TITLE TO BE IN:
*GURU DENIM, INC.*
*A CALIFORNIA CORPORATION*

By Authority of the

Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office

P. SWAIN
Certifying Officer